THE LAW OFFICES OF ANDREW J. BROWN
ANDREW J. BROWN, #160562
501 W. Broadway, Ste. 1490
San Diego, Ca  92101
Telephone:  (619) 501-6550
andrewb@thebrownlawfirm.com

THE BRANDI LAW FIRM
THOMAS J. BRANDI, #53208
TERENCE D. EDWARDS, #168095
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENIC LOMBARDO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE, INC. <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION <br><br> **JURY TRIAL DEMANDED** |

1

## TABLE OF CONTENTS

2
**Page**

3   INTRODUCTION .................................................................................................. 2

4   THE PARTIES..................................................................................................... 4

5   JURISDICTION AND VENUE .......................................................................... 5

6   STATEMENT OF FACTS .................................................................................. 5

7        Google Tracks Location Regardless of Privacy Settings........................... 7

8        Google Misrepresents How Consumers Can Prohibit Collection and Storage of
         Location Information ................................................................................... 8

9
         Google's Knowledge That It Is Deceiving Consumers .............................. 9
10
         Tracking Individuals' Geolocations Without Permission (and in Contravention of
11       Their Wishes) Is a Deceptive Trade Practice............................................ 11

12   CLASS ALLEGATIONS .................................................................................. 12

13   CAUSES OF ACTION ...................................................................................... 15

14        COUNT I .................................................................................................... 15

15        COUNT II ................................................................................................... 17

16        COUNT III .................................................................................................. 18

17        COUNT IV................................................................................................... 19

18        COUNT V.................................................................................................... 20

19   PRAYER FOR RELIEF .................................................................................... 21

20   DEMAND FOR JURY TRIAL ......................................................................... 23

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

Plaintiff Dominic Lombardo ("Plaintiff"), individually and on behalf of the Class defined below of similarly situated persons, files this Class Action Complaint.  Plaintiff files suit against Google, Inc. (hereinafter "Google," "Defendant," or the "Company").  Plaintiff brings this action based upon personal knowledge of the facts pertaining to himself, and on information and belief as to all other matters, by and through undersigned counsel.

## INTRODUCTION

1.     This action arises from the shocking revelation in August 2018 that Google has been clandestinely tracking millions of mobile phone and tablet users via the "location services" function.  Google is a mobile operating system and mobile applications ("apps") developer.  Google's "Android" operating system is the largest selling smartphone operating system in the United States, and the world.[1]

2.     Google expressly represented to users of its operating system and apps that the activation of certain settings will prevent the tracking of users' geolocations.  This representation was false.  Despite users' attempts to protect their location privacy as instructed by Google, Google continues to collect and store users' location data, thereby invading users' reasonable expectations of privacy, counter to Google's own representations about how users can configure Google's products to prevent such egregious privacy violations.

3.     Location data is highly sensitive, not just because of what the data point alone says about an individual (*i.e.*, where they were at a particular time), but also because of the massive amount of personal information that can be extracted from location data (such as medical treatment, personal relationships, and private interests).  As Chief Justice John Roberts recently observed, "a cell phone – almost a 'feature of human anatomy[]' – tracks nearly exactly the movements of its owner. . . .  A cell phone faithfully follows its owner beyond public thoroughfares and into private

---

[1]  According to research by Consumer Intelligence Research Partners, Android accounts for approximately twice as many phone activations as Apple's iOS operating system in the United States. *See, e.g.*, https://www.cirpllc.com/blog/2018/1/14/android-ios-divide-us-market.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

residences, doctor's offices, political headquarters, and other potentially revealing locales," and when a third-party has access to the information stored on one's cell phone, that entity "achieves near perfect surveillance, as if it had attached an ankle monitor to the phone's user." *Carpenter v. United States*, 138 S. Ct. 2206 at 2218 (2018) (internal citations omitted).

4.      Despite the recognized sensitivity of location data, Google collects this data against the express wishes and expectations of its users.  As reported recently by the Associated Press, "Google wants to know where you go so badly that it records your movements even when you explicitly tell it not to."[2]  The report – corroborated by respected cyber security researchers – found that Google technology, embedded on millions upon millions of smartphones, stores individuals' location information even if users activate a privacy setting purporting to prevent Google from doing so.

5.      Google uses individual location information for marketing and advertising purposes, and generates huge revenues from it.  According to a recent Bloomberg article, Google,

> derives significant revenue through advertising, which is bolstered by user-generated data providing information useful to advertisers such as metrics on foot traffic. Google recently reported its advertising business increased 24 percent in the second quarter, pushing Alphabet's total revenue minus partner payouts to $26.24 billion. Google Chief Executive Officer Sundar Pichai said recently that the company is exploring new ways to place promoted content and advertisements into its Map services.[3]

6.      Google assured its users that they were able to prevent Google from tracking them by disabling a feature called "Location History" on their devices.  Google represented that a user "can turn off Location History at any time.  With Location History off, the places you go are no

---

[2]  Ryan Nakashima, "AP Exclusive: Google tracks your movements, like it or not," The Associated Press, August 13, 2018 (available at https://www.apnews.com/828ae fab64d4411bac257a07c1af0ecb/AP-Exclusive:-Google-tracksyour- movements,-like-it-or-not) (hereafter, "AP Report") (accessed August 27, 2018).

[3]  *Google Tracks Location Data Even When Users Turn Service Off, AP Report Finds*, August 13, 2018. https://www.bloomberg.com/news/articles/2018-08-13/google-tracks-location-data-even-when-users-turn-service-off-ap (as of August 27, 2018)

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

longer stored."[4]  This simply was not true.  As revealed in the recent AP investigation – and confirmed by a team of researchers at Princeton University – Google continues to access and store the precise geolocation information of those individuals who have affirmatively turned off the Location History setting.  Google has since modified this and other representations after the publication of the AP Report and the resulting public outcry.

7.      Nor is this the first time Google has been caught misrepresenting to its consumers how to limit Google's access to their personal information.  In 2011, Google was charged by the FTC of similar conduct regarding its "gmail" service.  In that case, Google entered into a 20-year long Consent Decree that prohibits Google from "misrepresent[ing]… the extent to which consumers may exercise control over the collection, use, or disclosure of covered information."  As set forth more fully herein, Google's surreptitious tracking and recording of users' location information violates that Order too, which is still in force and effect.

## THE PARTIES

8.      Plaintiff Domenic Lombardo is and all relevant times was a citizen of the State of California who resides in San Diego, California.  Since at least 2011 and continuously to the present, Plaintiff has owned and used a mobile phone that incorporated Google's Android operating system, and that had various Google apps and functionalities downloaded onto the phone.  Since 2011 Plaintiff has owned and used the "Droid," Samsung Galaxy Note 3, Samsung Galaxy Note 5, and Samsung Galaxy S8 Plus smartphones.  He currently owns and uses the Samsung Galaxy S8 Plus smartphone.

9.      While using each of these phones, Plaintiff Lombardo expressly attempted to limit Google's tracking of his location by managing his Location Tracking and History settings – turning the operating systems' and apps' location tracking and storage buttons to "off."  Nevertheless, and unbeknownst to Plaintiff, Google continued to track his location information and store it.

---

[4]  Google Account Help, "Manage or Delete Your Location History" (available at https://support.google.com/accounts/answer/3118687?hl=en) (as of August 15, 2018).

10.     Defendant Google, Inc. is a United States corporation with its principal place of business in Mountain View, California, and incorporated under the laws of Delaware.  Google's Mountain View, California headquarters is a campus where the Corporation's officers direct, control, and coordinate the Corporation's activities.  Google is also engaged in continuous and significant business in the State of California consisting of, among other things, retail operations, advertising, marketing, and distribution activities.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367 because this is a class action in which the matter or controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which numerous members of the proposed Class are citizens of a state different from defendant.

12.     This Court has personal jurisdiction over Defendant because Defendant owns and operates a business that is headquartered in the Northern District of California and conducts substantial business throughout California.

13.     Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1), as Google is headquartered in this district.

14.     Additionally, Google's "Terms of Service" incorporated into the contracts for sale and use of its consumer products, and available on the Company website, contains the following forum selection provision:

> By using our Services, you are agreeing to these terms. Please read them carefully. . . . All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts.[5]

## STATEMENT OF FACTS

15.     The overwhelming majority of mobile phones run on one of two operating systems[6] Android or iOS, which are developed by Google and Apple, respectively.  On each of these

---

[5]  https://policies.google.com/terms?hl=en&gl=US.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

operating systems, users can customize their devices to their preferences by "managing" various functionalities of their phones.  They can, for example, change their time zone, preferred language, or screen brightness.  Included among these functionalities is the option to turn on or off the retention of "Location History" – that is, the individual's precise location information[7] as determined through the phone's GPS coordinates.  Google represented that turning Location History off would prevent the company from remembering where an individual had been, should the individual so desire.

16.     In addition to developing the Android operating system, Google also develops apps that can be downloaded on Android devices.  Users can make customized settings and privacy decisions at the app level.  That is, a user can share location history with some apps – such as the weather map or a ride-sharing app –but simultaneously ***not***  share that information with other apps.  A user can also share location information with a certain app at some times, but not at others.

17.     Google represented to users of its devices and its apps that it would not access – and would prevent other third-parties from accessing – an individual's location information if users took certain steps in managing their privacy settings.  Google's support page on the subject stated: "You can turn off Location History at any time.  ***With Location History off, the places you go are no longer stored***."[8]

18.     Google represented that Android mobile phone owners may do this on their devices, by going to the phone's "Settings" tab, as follows:

---

[6]  An operating system ("OS"),  is software that allows a user to run other applications on a computing device, such as a mobile phone.  Techopedia, definition of "operating system" (available at https://www.techopedia.com/definition/3515/operating-system-os).

[7]  As used herein, "location information" or "location history" refers to any and all data obtained through an individual's mobile device, which allows for the identification of that individual's location either in the present or through historic record.

[8]  Google Account Help, "Manage or Delete Your Location History" (available at https://support.google.com/accounts/answer/3118687?hl=en) (emphasis added) (as of August 15, 2018). Google has changed this page since then. *Id.* (as of August 27, 2018).

1. On your Android phone or tablet, open your device's Settings app ⚙️ > **Google** >
   **Google Account**.
2. At the top, tap **Data & personalization**.
3. Under "Activity controls," tap **Location History**.
4. Turn **Location History** on or off for your account or devices:
   - For your whole account and all devices associated with it, turn **Use Location History**
     on or off.
   - For a certain device only, turn that device's history on or off.

19.     Google affirmatively – and misleadingly – represented to Android device users that turning off "Location History" would result in Google ceasing to track, record, and use an individual's location information.

**Google Tracks Location Regardless of Privacy Settings**

20.     Google published a support page to instruct users on how to manage and delete the user's Location History which stated, "[w]ith Location History off, the places you go are no longer stored.  When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account."[9]

21.     These representations were false.  As recently publicly revealed, turning off "Location History" only stopped Google from creating a location timeline that the *user* could view.  Google, however, continues to track the phone owners and keep a record of their locations.

22.     Even when "Location History" is turned off, a user's location is stored every time he uses any of the myriad additional Google-controlled features on her mobile phone, including, *inter alia*, the Google Maps app, weather apps, and searches made with the phone's mobile browser.  Per the Associated Press:

> For example, Google stores a snapshot of where you are when you merely open its Maps app. Automatic daily weather updates on Android phones pinpoint roughly where you are.  And some searches that have nothing to do with location, like "chocolate chip cookies," or "kids science kits," pinpoint your precise latitude and longitude – accurate to the square foot – and save it to your Google account.[10]

---

[9]  Google Account Help, "Manage or delete your Location History" (available at https://support.google.com/accounts/answer/3118687?hl=en) (as of August 27, 2018).
[10]  AP Report.

23.     Google's conduct is contrary to users' reasonable expectations of privacy.  As Princeton computer scientist and former chief technologist for the Federal Communications Commission's enforcement bureau, Jonathan Mayer, stated: "If you're going to allow users to turn off something called 'Location History,' then all the places where you maintain location history should be turned off. That seems like a pretty straightforward position to have."[11]

**Google Misrepresents How Consumers Can Prohibit Collection and Storage of Location Information**

24.     Rather than using the "Location History" button, and contrary to the plain language and simple process set forth in the Google support pages referenced above, if an individual wants to prevent location tracking he must navigate to a non-obvious setting titled "Web & App Activity."

25.     This process is counter-intuitive:  Google intentionally obfuscates the fact that the "Web & App Activity" setting is related to location.  Indeed, the setting resides directly ***above*** – but separate and apart from – the Location History option, causing a reasonable user to conclude that the two items are distinct.  Further, Google's vague description of "Web & App Activity" – that it "[s]aves your activity on Google sites and apps to give you faster searches, better recommendations, and more personalized experiences in Maps, Search, and other Google services"[12] – provides no reasonable notice that it relates to GPS tracking accurate to less than a meter.  To obtain any more detail beyond this meaningless description, an individual must click to "[l]earn more," then scroll to what's saved as "Web & App Activity," and tap again on "[i]nfo about your searches & more" before Google even ***mentions*** location tracking.[13]

26.     Google is aware of the confusion it sows in order to hide the nature of its location tracking and intentionally complicates the opt-out process.  Google itself offers at least ***three***

---

[11] *Id.*
[12] Google Account Help, "Activity Controls" (available at https://myaccount.google.com/intro/activitycontrols) (as of August 27, 2018).
[13] Google Search Help, "See & control your search activity" (available at https://support.google.com/websearch/answer/54068?co=GENIE.Platform%3DAndroid&oco=1) (as of August 27, 2018).

1    support pages on location titled: "Manage or delete your Location History,"[14] "Turn location on or

2    off for your Android device,"[15] and "Manage location settings for Android apps."[16]  *Yet none of*

3    *these makes any mention of "Web & App Activity" – the only true way to prevent location*

4    *tracking*.

5            **Google's Knowledge That It Is Deceiving Consumers**

6            27.     Google is undoubtedly aware that its representations to consumers instructing them

7    how to prohibit the storage of their personal location data is misleading.  *First*, Google entered a

8    Consent Decree with the FTC in 2011 – which is still in full force and effect to this day – for

9    engaging in extremely similar conduct with respect to the information it obtains from users of its

10   email services.[17]  Specifically, the FTC Complaint alleged:

11           17.  As set forth in paragraph 8, by offering the option "Nah, go to my inbox," as
             well as the option to "Turn off Buzz," respondent has represented, expressly or by
12           implication, that consumers who clicked on these options would not be enrolled in
             Buzz.
13
             18.  In truth and in fact, as described in paragraph 8, consumers who clicked on these
14           options were enrolled in certain features of Buzz.  Therefore, the representations set
             forth in paragraph 17 were, and are, false and misleading and constitute a deceptive
15           act or practice.

16           28.     Google settled the FTC matter and entered into a Consent Decree that will be in

17   effect until October 13, 2031.  That Consent Order specifically states:

18           **IT IS ORDERED** that [Google], in or affecting commerce, shall not misrepresent in
             any manner, expressly or by implication:
19
             A.     the extent to which [Google] maintains and protects the privacy and
20           confidentiality of any covered information, including, but not limited to,
             misrepresentations related to: (1) the purposes for which it collects and uses covered
21           information, and (2) the extent to which consumers may exercise control over the
             collection, use, or disclosure of covered information.[18]
22

23

24   _____
     [14]  Google Account Help, "Manage or delete your Location History" (available at
25   https://support.google.com/accounts/answer/3118687) (as of August 27, 2018).
     [15]  Google Account Help, "Turn location on or off for your Android device" (available at
26   https://support.google.com/accounts/answer/3467281?hl=en) (as of August 27, 2018).
     [16]  Android Help, "Manage location settings for Android apps" (available at
27   https://support.google.com/android/answer/6179507) (as of August 27, 2018).
     [17]  *See* FTC Matter/File No. 102 3136.  Available at: https://www.ftc.gov/enforcement/cases-
28   proceedings/102-3136/google-inc-matter
     [18]  https://www.ftc.gov/sites/default/files/documents/cases/2011/10/111024googlebuzzdo.pdf.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

29.     Put simply, Google is under a Court Order not to track users after they have made clear in their privacy settings that they do not want to be tracked.  Google's representations concerning how a consumer can stop Google's tracking and storing of his location are "false and misleading and constitute a deceptive act or practice."

30.     **Second**, Google's response to the allegation, which first appeared in an exposé on August 13, 2018, by the Associated Press, demonstrated Google knew it was deceiving its consumers.  When the story was published, Google did not refute engaging in the identified conduct.  Instead, Google defended its subterfuge by stating (falsely): "We provide clear descriptions of these tools."[19]

31.     Google's claim that it provides  "clear descriptions" is demonstrably false.  First, Google publicly represented that preventing the storage of location data is as easy as turning "off" a settings switch, though in actuality that action is ineffective.  Indeed, Google silently endorsed well-known technology periodicals that propagated Google's falsehood that toggling off Location History is an effective tool to prevent tracking.[20]  Second, while perpetuating the myth of an effective "Location History" switch, Google fails to make reasonably clear to users that they must take a different and  poorly-labeled route altogether in order to turn off location tracking, *i.e.*, locating, identifying, and understanding a deeply-buried and non-obvious setting titled "Web & App Activity."[21]

---

[19]  AP Report.
[20]  *See, e.g.*, Matt Burgess, "How to stop Google from tracking you and delete your personal data," *Wired* (Mar. 16, 2018) (available at https://www.wired.co.uk/article/google-history-searchtracking- data-how-to-delete) (accessed August 15, 2018); Greg Kumparak, "Google's Location History Browser is a Minute-by-Minute Map of Your Life," TechCrunch (Dec. 18, 2013) (available at https://techcrunch.com/2013/12/18/google-location-history/) (accessed August 15, 2018).
[21]  This function is set by default to share your information, including location.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

32.     Within days after the AP Report was published, Google reversed course and revised the description on its "Help" page for the Location History setting – which previously stated simply "With Location History off, the places you go are no longer stored" – to read:

> This setting does not affect other location services on your device, like Google Location Services and Find My Device.  Some location data may be saved as part of your activity on other services, like Search and Maps.  When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account.[22]

33.     With this revision, Google disclosed *for the first time* that Google tracks users even after they have disabled the Location History setting.  However, even this language remains vague, and deceptive, particularly the use and meaning of "some" and "may."  Not only does this revised disclosure fail to notify consumers what, if anything, is accomplished by turning off Location History,  it also fails to inform consumers when Google will continue to store location history despite the setting being turned off.  Most importantly, Google still makes no mention of the distinct setting deeply buried in "Web & App Activity" – the only place a user can actually stop Google from recording his location history.

**Tracking Individuals' Geolocations Without Permission (and in Contravention of Their Wishes) Is a Deceptive Trade Practice**

34.     In a separate case with conduct strikingly similar to that alleged herein, the FTC recently  found a different company to be guilty deceptive trade practices, in violation of Section 5 of the FTC Act.

35.     In June 2016, the FTC announced that it had entered into a settlement agreement with a mobile advertising company, InMobi PTE, after the agency charged InMobi with deceptively tracking the locations of hundreds of millions of individuals without their knowledge or consent in order to serve them geo-targeted advertising (*i.e.*, advertisements tailored to an individual based on where they live or places they frequent).

---

[22]  Ryan Nakashima, "APNewsBreak: Google clarifies location-tracking policy," The Associated Press (August 17, 2018) (available at https://apnews.com/ef95c6a91 eeb4d8e9dda9cad887bf211).

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

36.     In that case, the FTC alleged that InMobi misrepresented that its advertising software would only track consumers' locations when they opted in to being tracked, and in a manner consistent with their device's privacy settings.  According to the FTC complaint,[23] InMobi was actually tracking consumers' locations whether or not the apps using InMobi's software asked for consumers' permission to do so, and even when consumers had denied permission to access their location information.

37.     As a result of the FTC enforcement action, InMobi agreed to pay $950,000 in civil penalties and implement a comprehensive privacy program, including a prohibition from collecting individuals' location information without their affirmative express consent and a requirement that InMobi honor consumers' location privacy settings.  The company was required to delete all of the location information of consumers it had collected without their consent and was prohibited from further misrepresenting its privacy practices.  The settlement also required InMobi to institute a comprehensive privacy program that will be independently audited every two years for 20 years from the date of settlement.[24]

38.     The activities engaged in by Google, detailed in this complaint, are not substantively different from the location tracking activities condemned by the FTC in the *InMobi* complaint.

## CLASS ALLEGATIONS

39.     Plaintiff brings this class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following class:

> All natural persons residing in the United States who own or owned Android mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google.

---

[23] "Mobile Advertising Network InMobi Settles FTC Charges It Tracked Hundreds of Millions of Consumers' Locations Without Permission," Federal Trade Commission (June 22, 2016) (available at https://www.ftc.gov/news-events/press-releases/2016/06/mobile-advertisingnetwork-inmobi-settles-ftc-charges-it-tracked).

[24] "Stipulated Order for Permanent Injunction and Civil Penalty Judgment," *United States of America v. InMobi Pte, Ltd.*, Case No. 3:16-cv-3474 (NDCA) (Dkt. No. 2-1) (available at https://www.ftc.gov/system/files/documents/cases/160622inmobistip.pdf) (accessed August 15, 2018).

40.     Along with the choice of forum provision, Google's "Terms of Service" contains a choice of law provision.  It states:

> The laws of California, U.S.A., excluding California's conflict of laws rules, will apply to any disputes arising out of or relating to these terms or the Services. All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts.[25]

41.     Therefore, Google agrees that the claims of this nationwide class action will be governed by the laws of California.

42.     Excluded from the Class are:  the officers and directors of Google and its parents, subsidiaries, affiliates, and any entity in which Google has a controlling interest; and all judges assigned to hear any aspect of this litigation, and their immediate family members.  Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

43.     The class is so numerous that joinder of all members is impracticable and likely in the millions.

44.     Questions of law and fact common to the members of the class are central here and predominate over questions that may affect only individual members.  Among the questions of law and fact common to the class are:

(a)     whether Google misrepresented or omitted one or more material facts to plaintiff and the class;

(b)     whether Google's acts and practices complained of herein violated Business & Professions Code §17200 by engaging in an "unlawful" business practice;

(c)     whether Google's acts and practices complained of herein violated Business & Professions Code §17200 by engaging in a "fraudulent" business practice;

(d)     whether Google's acts and practices complained of herein violated Business & Professions Code §17200 by engaging in an "unfair" business practice;

---

[25] https://policies.google.com/terms?hl=en&gl=US.

(e)     whether Google's acts and practices complained of herein violated Business

& Professions Code §17500, *et seq.* through false and misleading advertising

in the State of California;

(f)     whether Google's acts and practices complained of herein violated the

Consumers Legal Remedies Act in the State of California;

(g)     whether the technology utilized by Google – and embedded on the mobile

devices of Plaintiff and Class members – are "electronic tracking devices"

under Cal. Pen. Code § 637.7(d); and

(h)     whether Google's conducted violated the other provisions of statutory and

common law outlined in this complaint.

45.     Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class members, took efforts to prevent his phone's location history from being recorded and used by Google, yet despite these efforts and contrary to Google's representations, nonetheless had said location history recorded and used by Google.

46.     Similarly, and like all Class members, Plaintiff suffers a substantial risk of repeated injury in the future.  Like all Class members, although Plaintiff wishes to control the circumstances under which his location information can be collected and used by Google, Google has shown deliberate indifference to those wishes and has indeed taken pains to deceive Plaintiff (and all Class members) and to thwart those wishes.  Nonetheless, like all Class members, Plaintiff must own and use a mobile phone – itself an effective prerequisite for modern life – but Google's deceptive and deliberate actions have thwarted and continue to threaten Plaintiff's (and Class members') ability to own such a phone without having his whereabouts constantly tracked, recorded, and used.  Plaintiff and the Class members are entitled to injunctive and declaratory relief as a result of the conduct complained of herein. Because the conduct complained of herein is systemic, Plaintiff and all Class Members face substantial risk of the same injury in the future.

47.     Plaintiff will fairly and adequately protect the interests of the Class.

48.     Plaintiff's interests do not conflict with the interests of the Class members. Furthermore, Plaintiff has retained competent counsel experienced in class action litigation and consumer protection litigation.  Plaintiff's counsel will fairly and adequately protect and represent the interests of the Class. FRCP 23(a)(4) and 23(g) are satisfied.

49.     In acting as above-alleged, and in failing and refusing to cease and desist despite public outcry, Google has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and corresponding declaratory relief each appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Google.

50.     Injunctive relief is necessary to prevent further unlawful and unfair conduct by Google. Money damages, alone, could not afford adequate and complete relief, and injunctive relief is necessary to restrain Google from continuing to commit its illegal and unfair violations of privacy.

51.     Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied.

## CAUSES OF ACTION

## COUNT I

**(Unlawful, Fraudulent, and Unfair Business Practices
in Violation of the Cal. B&P Code §§17200 et seq.)**

52.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

53.     By committing the acts and practices alleged herein, Google engaged in unlawful, fraudulent, and unfair business practices in violation of California's Unfair Competition Law ("UCL"):

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

(a)     Unlawful Conduct:  As a result of engaging in the conduct alleged in this Complaint, Google has violated the UCL's proscription against engaging in unlawful conduct by virtue of: (i) its fraudulent and deceitful conduct in violation of California Civil Code §§1709 through 1711; (ii) its violations of the Consumers Legal Remedies Act, California Civil Code §§1770(a)(5), (a)(7), and (a)(9); and (iii) its violation of the terms of the 2011 Consent Decree with the FTC; and (iv) its violation of Cal. Penal Code §630, *et. seq*.

(b)     Fraudulent Conduct:  Google has violated the UCL's proscription against fraud as a result of engaging in the fraudulent and deceitful conduct herein throughout this Complaint.

(c)     Unfair Conduct:  Google has violated the UCL's proscription against unfair conduct as a result of engaging in the conduct alleged in this Complaint, which violates legislatively-declared policies articulated in, *inter alia*, California Civil Code §§1710, 1711, and 1770, subsections (a)(5), (a)(7), and (a)(9), and Cal. Penal Code §630.

54.     Google's violations of the UCL continue to this day.  As a direct and proximate result of Google's violations of the UCL, Plaintiff has suffered actual damage in that, *inter alia*, as detailed throughout this complaint.

55.     Pursuant to Section 17203 of the UCL, Plaintiff and the class seek an order that requires Google:  (a) to modify their operating system and all applications in a manner that prevents location tracking absent affirmative user consent; (b) to modify their operating system and all applications in a manner that truthfully advises users of location tracking (c) to make full restitution of all moneys wrongfully obtained from its violations of the UCL, as alleged in this Complaint; and

(d) requires Google to pay the attorney fees and costs incurred by counsel for Plaintiff and the proposed class in accordance with California Code of Civil Procedure §1021.5.

## COUNT II

**(Unfair and Deceptive Acts and Practices
in Violation of the Consumers Legal Remedies Act)**

56.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

57.     This claim for relief is brought pursuant to the CLRA.  Plaintiff and members of the class are "consumers," as that term is defined by Civil Code §1761(d), because they used their cellular telephones for personal, family, or household purposes.

58.     Plaintiff and Class Members have engaged in a "transaction" with Google, as that term is defined by Civil Code §1761(e).

59.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purposes of the CLRA, and were undertaken by Google in transactions intended to result in, and which resulted in, the sale of goods to consumers; namely, the purchase of their cellular telephone or cellular telephones containing Google's operating system or installation of Google's apps onto their cellular telephones.

60.     By engaging in the conduct described herein, Google has violated subdivisions (a)(5), (a)(7), and (a)(9) of California Civil Code §1770 by, *inter alia*, misrepresenting and concealing the true nature of its Android operating system and apps.

61.     By concealing the true nature and function of its operating system and apps from Plaintiff and members of the proposed class, Google has represented, and continues to represent, that the operating system and apps have characteristics, uses and benefits, or qualities that they do not have, and that they are of a particular standard, quality, or grade, when they are not, in violation of Civil Code §1770, subsections (a)(5) and (a)(7).

62.    By engaging in the conduct alleged herein, above, Google has also advertised, and continues to advertise, goods with the intent not to sell them as advertised, in violation of California Civil Code §1770(a)(9).

63.    Pursuant to §1782 of the CLRA, more than thirty days prior to the filing of this Complaint or an amended complaint, Plaintiff sent written notice to Google by certified mail regarding its violations of the CLRA, thereby providing Google with an opportunity to correct or otherwise rectify the problems alleged herein, but Google declined to do so.

64.    Plaintiff now seeks an order requiring Google to:  (a) cease violating the CLRA by use of its operating system and apps that secretly monitor the location of users without consent; and (b) to provide owners of their operating system and apps with notice of what improper data collection has taken place.

65.    Unless Google agrees to correct, repair, replace, or otherwise rectify the problems created by Google's conduct as alleged herein, Plaintiff will amend this complaint to seek an order awarding actual damages and, because Google engaged in the conduct alleged herein deliberately and with willful and malicious intent, punitive damages.

**COUNT III**

**(Intentional Misrepresentation and Omission)**

66.    Plaintiff incorporates the allegations set forth above as if fully set forth herein.

67.    Defendants, through Google and its agents, employees and/or subsidiaries, made materially false representations and omissions to Plaintiff and the Class that their operating system and apps did not secretly collect information against users explicit wishes.

68.    These material misrepresentations and omissions were contained in the Purchase Agreements, Instructions, Terms and Conditions, in the Android operating system itself, and in various public statements by Defendants.

69.     Defendants knew or recklessly disregarded the false and misleading nature of their material misrepresentations and omissions.

70.     Defendants made the materially false and misleading statements and omissions for the purpose of inducing Plaintiff and the other members of the Class to install and use their operating system and apps.

71.     In purchasing and using Google's operating system and apps, Plaintiff and the Class reasonably relied on Defendants' materially misleading statements and omissions that Plaintiff's location would not be monitored contrary to user's explicit wishes.

72.     As a result of Defendants' materially false and misleading misrepresentations and omissions, Plaintiff and the Class sustained damages as set forth herein.

## COUNT IV

### (Negligent Misrepresentation and Omission)

73.     Plaintiff incorporates the allegations set forth above as if fully set forth herein.

74.     Defendants, through their agents, employees and/or subsidiaries, negligently and/or recklessly made materially false representations and omissions to Plaintiff and the Class as alleged above.

75.     These material misrepresentations and omissions were contained in the Purchase Agreement, Instructions, Terms and Conditions  and in various public statements by Defendants.

76.     Defendants knew or should have known that the materially false and misleading statements and omissions would induce Plaintiff and the other members of the Class to accept the operating system and apps for their phones.

77.     In purchasing Google's operating system and apps, Plaintiff and the Class reasonably relied on Google's materially misleading statements and omissions that their location would not be monitored contrary to their explicit wishes.

- 19 -

78.     As a result of Google's materially false and misleading misrepresentations and omissions, Plaintiff and the Class sustained damage as set forth herein.

## COUNT V

### (Violation of CIPA, Cal. Pen. Code §§630, *et seq.*)

79.     Plaintiff incorporates the preceding paragraphs of this complaint as if repeated here.

80.     Cal. Pen. Code §630 provides that "[t]he Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communication and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."

81.     Google's acts and practices complained of herein, engaged in for purposes of acquiring and using the geolocation of mobile phone users, without their consent – and indeed in direct contravention of instructions clearly expressed through turning off the location history function – violated and continues to violate Cal. Pen. Code §637.7.

82.     Cal. Pen. Code §637.7 prohibits the use of an electronic tracking device to determine the location or movement of a person.

83.     In direct violation of this prohibition and without the consent of Plaintiff or Class members – and indeed in direct contravention of those individuals' clearly-expressed wishes – Google continued to record, store, and use the location information of Plaintiff and Class members after they disabled the Location History feature on their phones.

84.     As described herein, Google utilized multiple devices that are "electronic tracking devices" under Cal. Pen. Code §637.7(d), in that Google employs and embeds a host of technology – including but not limited to apps, firmware, device components, operating system software, and

other code – on each Class member's phone (a "movable thing" under the statute), and this technology "reveals its location or movement by the transmission of electronic signals."

85.     As a result of Google's violations of Cal. Pen. Code §637.7, and pursuant to Cal. Pen. Code §637.2, Plaintiff and Class members are entitled to the following relief:

(a)     A declaration that Google's conduct violates CIPA;

(b)     Statutory damages and/or trebled actual damages;

(c)     Injunctive relief in the form of, *inter alia*, an order enjoining Google from geolocating Class members in violation of CIPA;

(d)     Injunctive relief in the form of, *inter alia*, an order requiring Google to destroy all data created or otherwise obtained from its illegal geolocation of Class members; and

(e)     An award of attorney's fees and costs of litigation as provided by CIPA, the private attorney general doctrine existing at common law and also codified at California Civil Code Section 1021.5, and all other applicable laws.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated, pray for relief in this Complaint as follows:

A.     For an order certifying that the action may be maintained as a class action under Fed. R. Civ. Proc. 23, that Plaintiff is a proper class representative and that Plaintiff's counsel shall be appointed as Class counsel, on behalf of the proposed class and any other subclass(es) the Court may deem appropriate and appointing Plaintiff as class representatives;

B.    For an award of monetary damages, including but not limited to, compensatory, incidental and consequential damages commensurate with proof at trial for the acts complained of herein;

C.    For an award of punitive damages in an amount consistent with applicable statutes and precedent for those causes of action that permit such recovery;

D.    For an order pursuant to California Civil Code §1780(a)(2) requiring Google to:  (a) provide users of their operating system and apps with notice of Google's location monitoring activities; (b) modify its operating system and apps in a manner that prevents unauthorized monitoring of location and other activities;

E.    For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

F.    Appropriate declaratory relief against Google;

G.    Injunctive relief in the form of, *inter alia*, an order enjoining Google from continuing its practice of recording and using Plaintiff's and Class members' location information against their wishes and in violation of CIPA;

H.    Injunctive relief related to CIPA in the form of, *inter alia*, an order requiring Google to destroy all data acquired, created, or otherwise obtained from the unlawful recording and use of the location information of Plaintiff and Class members;

I.    An award of damages pursuant to Cal. Pen. Code §637.2;

J.    For an award of attorney fees, where applicable;

K.    For an award of costs;

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

L.      For an award of pre- and post-judgment interest on any amounts awarded; and,

M.      For any and all other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Based on the foregoing, Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial for all claims so triable.

DATED:  August 28, 2018                    Respectfully submitted,

THE LAW OFFICES OF ANDREW J. BROWN

*/S/ Andrew J. Brown*

ANDREW J. BROWN
501 W. Broadway, Ste. 1490
San Diego, Ca  92101
Telephone:  (619) 501-6550
andrewb@thebrownlawfirm.com